UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH K. MINOR,  :
                   :
    Plaintiff,     :
                   :
  v.               : Civil Action No. 09-0288 (JR)
                   :
TOM VILSACK, Secretary of :
Agriculture,      :
                   :
    Defendant.    :

**MEMORANDUM**

Deborah Minor sues the United States Department of Agriculture ("USDA") for violations of the Equal Pay Act, 29 U.S.C. §§ 206 and 215, and Title VII, 42 U.S.C. § 2000e, *et. seq.*

Minor's scattershot array of allegations against the USDA include: lower compensation than four white male counterparts; failure to provide her a performance appraisal or award for the period ending September 2007; disparate treatment(delayed email responses, greater scrutiny of her work performance, failure to address her concerns promptly, lesser operating budget); acts that "openly undermined her authority"; mistreatment by the Assistant Administrator for Human Resources; exclusion from meetings and removal of some duties; demeaning remarks and mishandling of her leave requests; and failure to provide file cabinets to protect the confidentiality of EEO complaint files.

The USDA moved to dismiss Minor's Equal Pay Act claim for lack of subject matter jurisdiction and moves for summary

judgment on her other claims. [#9] Shortly after that motion was filed, Minor's attorney withdrew from the case [#11]. Minor's subsequent *pro se* opposition falls far short of the showing necessary to defeat the government's motion.

**1. Equal Pay Act claim**

Minor asserts that, between July 2007 and February 2008, she was paid less than four white males who held "substantially equal positions." [#1 at ¶ 6] The USDA argues that this court lacks subject matter jurisdiction of that claim, because it can be inferred that Minor's claim seeks more than $10,000, and because and 28 U.S.C. § 1491 ("the Big Tucker Act") grants exclusive jurisdiction over such claims to the Court of Federal Claims. Even if Minor's claim is for less than $10,000, the venue provision of 28 U.S.C. § 1402(a)(1), ("the Little Tucker Act"), limits the venue for such a claim to district in which the plaintiff resides – in this case, the Eastern District of Virginia. [#9] at 3-5. The government is correct, and its motion to dismiss Count 1 for lack of subject matter jurisdiction must be granted. See, e.g., Powell v. Castaneda, 390 F.Supp.2d 1, 7 (D.D.C. 2005).

**2. Race and sex discrimination claims**

The USDA moves for summary judgment on Minor's race discrimination claims because Minor did not exhaust them, [#9] at 5-8, and on Minor's gender discrimination claims because Minor

did not show that she has suffered an adverse employment action, [#9] at 16-19.  Minor does not oppose these parts of the government motion.  Instead, she has shifted her focus to her retaliation claims, conceding that she "may be willing to withdraw [her] bases of race and sex."

**3. Retaliation claims**

To make out a *prima facie* case of illegal retaliation, a plaintiff must show (1) that she engaged in statutorily protected activity; (2) that her employer took a materially adverse action against her; and (3) that there was a causal connection between the protected activity and the adverse action. See <u>Burlington N. & Santa Ferry Co. v. White</u>, 548 U.S. 53, 69 (2006).  The adverse action must be one that is severe enough to "dissuad[e] a reasonable worker from making or supporting a charge of discrimination." <u>Id</u>.  A *prima facie* case of retaliation shifts to the employer the burden of offering a legitimate, non-retaliatory explanation for its actions.  <u>See McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  Then the burden returns to the plaintiff, to show that the defendant's proffered reason is a pretext.  <u>Id</u>.

The USDA has offered legitimate, non-retaliatory reasons for its actions:  Mr. Thompson began his position as Minor's supervisor in April 2007, when mid-year reports were due; given the timing, he did not complete mid-year evaluations for

any of his managers.  Then, based on a consulting report prepared before Mr. Thompson's arrival that recommended a reorganization of departments, Minor was reassigned to a new, more prestigious position.  Minor's conclusory response that the agency's actions would have "caused any reasonable person to want to leave the Agency or have no other choice but to engage in protected activity" is only argument, not evidence or even a colorable allegation of pretext.

**4. Hostile Work Environment**

To succeed on a hostile work environment claim under Title VII, a plaintiff must show more than mere workplace incivility.  Rather, plaintiff must show that she was subjected to conduct that was "so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment" *and* that this conduct was a result of discrimination based on protected status.  See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 786-7 (1998).

Minor's complaint lists distinct and sporadic acts of incivility, none of which individually nor all of which collectively amount to a hostile work environment.  Furthermore, Minor does not show that those acts resulted from discrimination

based on sex or gender or retaliation.  Again, Minor's response does not address the USDA's arguments.

An appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                              United States District Judge